ELISABETH M. MCOMBER [10615]
STEPHANIE NIELSON [17868]
**SNELL & WILMER L.L.P.**
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, UT  84101
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

*Attorneys for Defendant*
*Nissan North America, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEROY MARTINEZ, individually and on behalf of all others similarly situated,<br>       Plaintiffs,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>       Defendant. | **DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF REMOVAL**<br><br>Case No. 1:21-cv-00157<br><br>U.S. District Judge David Barlow<br>U.S. Magistrate Judge |

Pursuant to Title 28, Sections 1332(d) and 1441(a) of the United States Code, Defendant Nissan North America ("Nissan") hereby removes this putative class action titled *Leroy Martinez v. Nissan North America, Inc*., No. 210100149, from the First District Court of Box Elder County, Utah to the United States District Court for the District of Utah. This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the putative class contains more than 100 members, minimal diversity exists, and on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million, exclusive of costs

and interest. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

## OVERVIEW OF CLAIMS ASSERTED AND RELIEF SOUGHT

1. On October 18, 2021, Plaintiff Leroy Martinez, individually and on behalf of a nationwide class of similarly situated Plaintiffs, filed a Complaint in the District Court of Box Elder County, Utah. A copy of Plaintiff's Complaint and summons are attached to the Declaration of Elisabeth M. McOmber, submitted herewith, as Exhibit A.

2. On November 17, 2021, Nissan filed a stipulated motion to extend time to respond to the complaint. McOmber Decl., ¶ 4 and Ex. B.

3. On November 19, 2021, District Court Judge Brandon J. Maynard entered an Order granting the stipulated motion, ordering that Nissan's "answer, motion, or other response will be due by December 21, 2021." McOmber Decl., ¶ 5 and Ex. C.

4. Plaintiff alleges he purchased a 2016 Nissan Frontier on August 29, 2016. McOmber Decl., Ex. A, ¶ 8. In his Complaint, he purports to represent a putative class defined as: "All persons who owned or leased 2015 through 2019 Nissan and Infiniti brand vehicles ("Class Vehicles") from 2015 until the present." *Id.* at ¶ 21. While Plaintiff does not allege the exact size of the putative nationwide class, he alleges that the class is "so numerous that joinder with all such persons is impracticable," and estimates that the size of the class is "in the thousands." *Id.* at ¶ 22.

5. In the Complaint's First Cause of Action, Plaintiff alleges that Nissan violated Utah's Consumer Sales Practices Act because "Nissan knew or had reason to know about the SRS Defect," which Plaintiff describes as the "unnecessary and simultaneous side curtain air bag deployment and seatbelt pretensioner igniter deployment[,]" which is "extremely distracting to drivers of Class Vehicles" and "of such a magnitude that drivers of Class Vehicles are at risk of losing control and suffering injury to themselves or others" and which "causes consumers to

suffer injuries." McOmber Decl., Ex. A, ¶¶ 33, 12–14. Plaintiff further alleges that he "reported the SRS Defect to Nissan after the airbags deployed, but Nissan did not make the repairs necessary to conform the vehicle to the express warranty." *Id.* at ¶ 36.

6. In the Complaint's Second Cause of Action, Plaintiff alleges that Nissan violated the Magnuson-Moss Warranty Act because "Nissan provided an implied warranty of merchantability in connection with the purchase of the Class Vehicles that warranted they were fit for their ordinary purpose as motor vehicles," which was "breached based on the defective airbag that could suddenly deploy without warning or reason, leaving its occupants vulnerable to accidents, serious injury, or death." *Id*. at ¶¶ 44–45.

7. In the Complaint's Third Cause of Action, Plaintiff alleges that, pursuant to Utah Code § 70A-2-314, Nissan breached the implied warranty of merchantability that "the Class Vehicles were of merchantable quality and fit and safe for its [sic] ordinary, intended use." *Id.* at ¶¶ 48–49.

8. In the Complaint's Fourth Cause of Action, Plaintiff alleges that, pursuant to Utah Code § 70A-2-313, Nissan breached an express warranty "since the Class Vehicles were not merchantable, safely designed, properly assembled, or fit for their intended purpose." *Id*. at ¶ 54.

9. Plaintiff, on behalf of himself and the putative class, seeks class certification, an unspecified amount of actual and restitution damages, including reimbursement for the cost of financing, owning and repairing the vehicles, injunctive relief, incidental and consequential damages, attorney's fees and costs, and equitable relief. *Id*. at p. 10 (a–h), ¶¶ 46, 50–51.

## **THIS CASE IS REMOVABLE UNDER CAFA**

10. This Court has jurisdiction under CAFA because this lawsuit is a putative class actions in which: (1) the putative class has 100 or more members; (2) there is minimal diversity; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts

original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal).

### The Putative Class Includes More Than 100 Members

11. There is no dispute that the putative class includes more than 100 members. Plaintiff purports to represent a putative class defined of all persons who owned or leased 2015 through 2019 Nissan and Infiniti brand vehicles, from 2015 until the present. McOmber Decl., Ex. A, ¶ 21. While Plaintiff does not allege the exact size of the putative nationwide class, he alleges that the size of the class is "estimated in the thousands." *Id.* at ¶ 22.

### The Parties are Minimally Diverse

12. Minimal diversity under CAFA exists when any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(1)(A), (B), (D); *id.* at § 1332(d)(2)(A). At the time Plaintiff commenced this action, Nissan was (and still is) a Delaware corporation with its principal place of business in Tennessee and, thus, for jurisdictional purposes, a citizen of those two states. McOmber Decl., ¶¶ 9–11 and Exs. E, F; 28 U.S.C. § 1332(c)(1). Plaintiff is a citizen of Utah. McOmber Decl., Ex. A, ¶ 2 (alleging Plaintiff is a resident of Box Elder County, Utah). Minimal diversity is thus plainly satisfied.

### The Amount in Controversy Exceeds $5 Million

13. CAFA grants original jurisdiction in the United States district courts "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" that satisfies the other CAFA requirements. 28 U.S.C. § 1332(d). The claims of the putative class members are aggregated for purposes of calculating that amount in controversy. *See* 28 U.S.C. § 1332(d)(6).

14. The Tenth Circuit has explained that the amount in controversy is "not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at

issue in the course of the litigation." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). As the Tenth Circuit further stated, "the question at this stage in the proceedings isn't what damages the plaintiff will likely prove but what a factfinder might conceivably award. Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Hammond v. Stamps.com*, 844 F.3d 909, 912 (10th Cir. 2016).

15. The amount in controversy may be shown by, among other ways, "calculation from the complaint's allegations" and "reference to the plaintiff's informal estimates or settlement demands[.]" *Van Der Hoek v. Ally Bank & Better Mortgage Corp.*, No. 2:21-CV-00320-DBB, 2021 WL 5086380, at *1 (D. Utah Nov. 2, 2021) (citing *Frederick*, 683 F.3d at 1247).

16. Here, Plaintiff is seeking damages for a nationwide class of "[a]ll persons who owned or leased 2015 through 2019 Nissan and Infiniti brand vehicles … from 2015 until the present." McOmber Decl., Ex. A, ¶ 21. While this broad definition encompasses *all Nissan and Infiniti model vehicles*, looking to just the number of Nissan Frontiers (the same make and model Plaintiff purchased) leased or sold from 2015 to July 2019 demonstrates that the requisite thresholds are not only satisfied but well exceeded. Based on Nissan's records, 248,587 Nissan Frontiers were sold or leased nationally from 2015 through 2019, and, of that number, 1,836 Nissan Frontiers were sold or leased in Utah.

17. For each putative class member, Plaintiff seeks an array of monetary damages, including actual and restitution damages (*e.g.*, reimbursement for the cost of financing, owning and repairing the vehicles), incidental and consequential damages, and attorney's fees and costs. McOmber Decl., Ex. A, p. 10 (e, g), ¶¶ 39, 46, 51, 56. Although Plaintiff seeks an assortment of

damages, the Court need only consider one request to see that CAFA's amount in controversy requirement is readily satisfied here.

18. Among other damages, Plaintiff seeks on his behalf and on behalf of the class members, reimbursement for the costs of repairing the subject vehicle. *Id.* at ¶ 51. Even taking a conservative estimate of $2,000 based on Plaintiff's allegation that he spent "thousands of dollars to replace the airbags," the average repair costs would total $497,174,000 [$2,000 repair costs x 248,587 putative class members]. *See id.* at ¶ 11. This amount alone far exceeds CAFA's amount in controversy requirement.

19. Plaintiff also alleges that he and class members were deprived of the benefit of the amount they paid for the vehicles, and Plaintiff seeks "reimbursement for the costs of financing and owning the Subject Vehicle" for himself and the class. *Id.* at ¶¶ 17, 51, 56. While Plaintiff's Complaint is silent as to these costs, upon Nissan's independent further inquiry, Nissan is informed and believes the purchase price of Plaintiff's vehicle is $28,338.08. *See* McOmber Decl., ¶¶ 13–14 and Ex. G. Even looking at only the Nissan Frontiers sold or leased in Utah, those purchasers and lessees need only allege $2,723.31 in similar reimbursement costs to satisfy the amount in controversy [$5,000,000 / 1,836 Nissan Frontiers sold or leased in Utah].

20. These two figures do not account for Plaintiff's request for attorney's fees and equitable relief. *See* McOmber Decl., Ex. A, ¶ 46, p. 10 (h). Including those items of recovery would further increase the amount in controversy well beyond the $5,000,000 jurisdictional threshold. *See e.g., Van Der Hoek*, 2021 WL 5086380, at *1 ("Attorney fees can be considered in determining the amount in controversy.") (citing *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)).

## NISSAN HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

21. Nissan was served on October 28, 2021. This Notice of Removal is timely filed before the expiration of 30 days from the receipt of Plaintiff's Complaint and summons. 28 U.S.C. § 1446(b).

22. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Nissan during the pendency of the action in the First District Court of Box Elder County are annexed hereto. *See* McOmber Decl. Exs. A–D.

23. Pursuant to 28 U.S.C. § 1446(a), Nisan will contemporaneously give Plaintiff written notice of this filing and file a copy of this Notice of Removal with the Clerk of the First District Court of Box Elder County.

24. Venue is proper in the United States District Court for the District of Utah under 28 U.S.C. § 1446(a), as Plaintiff filed the Complaint in the First District Court of Box Elder County, which is located in the District of Utah.

25. Nissan reserves the right to amend or supplement this Notice of Removal, and it reserves all rights and defenses, including those available under Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 12(b)(7).

26. Nissan requests a jury trial in this case.

## CONCLUSION

27. For all the reasons stated above, this action is a civil action over which this court has original jurisdiction pursuant to 28. U.S.C. § 1332(d).

WHEREFORE, Nissan respectfully removes this case to the United States District Court for the District of Utah.

DATED this 24th day of November, 2021.

                                            **Snell & Wilmer L.L.P.**

                                    /s/ Elisabeth M. McOmber
                                    Elisabeth M. McOmber
                                    Stephanie Nielson
                                    *Attorneys for Defendant Nissan North America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 24, 2021, I electronically filed the foregoing **DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF REMOVAL**, along with the exhibits thereto, with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

>Jeffrey J. Steele
>Justin M. Hosman
>Steele Adams Hosman
>6713 S 1300 E
>Cottonwood Heights, UT 84121
>jeff@sahlegal.com
>justin@sahlegal.com
>
>Adam Rose (*pro hac vice to be filed*)
>Law Office of Robert Starr
>23901 Calabasas Rd. #2072
>Calabasas, CA 91302
>adam@starrlaw.com

/s/ Elisabeth M. McOmber

4856-9389-4404.1