# EXHIBIT A

OCT 26 2021

976581

Jeffrey J. Steele (10606)
Justin M. Hosman (15634)
**Steele Adams Hosman**
6713 S 1300 E
Cottonwood Heights, UT 84121
Telephone: 801-816-3999
Facsimile: 435-730-7175
jeff@sahlegal.com
justin@sahlegal.com

Adam Rose (pro hac vice to be filed)
**Law Office of Robert Starr**
23901 Calabasas Rd., #2072
Calabasas, CA 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9040
adam@starrlaw.com

*Attorneys for Plaintiff*

Date 28-Oct-21  Time 1045
R/B 15 south temple #600
Upon Wendy Phippen
Deputy - Private Investigator - Process Server
Constable Reitz, Salt Lake County
7026 Commerce Park Dr. #101, Midvale, UT
84047   (801) 255-5468

| IN THE FIRST DISTRICT COURT IN AND FOR BOX ELDER COUNTY, STATE OF UTAH ||
|---|---|
| LEROY MARTINEZ, individually and on behalf of all others similarly situated, <br><br> Plaintffs, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC., <br><br> Defendant. | **SUMMONS** <br><br> Civil No.: 210100149 <br><br> Judge: Brandon Maynard |

STATE OF UTAH to the above-named Defendant:

**Nissan North America, Inc.**
Corporation Service Company- Registered Agent
15 West South Temple, Suite 600
Salt Lake City, UT 84101

A judgment for $40,673.62 has been entered against the defendant, and the

You are hereby summoned and required to answer the attached Complaint within twenty-one (21) days after service of this summons. You must file your written answer with the Clerk of the Court at the following address: District Court, 43 N Main St, Brigham City, Utah 84302. You must also mail or deliver a copy of your answer to Plaintiff's attorney at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint, a copy of which is on file with the Court.

DATED this 26th day of October, 2021.

**STEELE ADAMS HOSMAN**

*/s/ Justin Hosman*
Justin M. Hosman

## NOTICE TO PERSON SERVED WITH SUMMONS

| | |
|---|---|
| A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer. | Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta. |
| **Deadline!** | **¡Fecha límite para contestar!** |
| Your Answer must be filed with the court and served on the other party **within 21 days** of the date you were served with this Summons. | Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. |
| If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story. | Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos. |
| **Read the complaint/petition** | **Lea la demanda o petición** |
| The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully. | La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente. |
| **Answer the complaint/petition** | **Cómo responder a la demanda o petición** |

3

You must file your Answer in writing with the court **within 30 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans

Scan QR code to visit page

Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans-span

Para accesar esta página escanee el código QR

### Serve the Answer on the other party

You must email, mail or hand deliver a copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this Summons.

### Entrega formal de la respuesta a la otra parte

Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en la esquina izquierda superior de la primera hoja del citatorio.

### Finding help

The court's Finding Legal Help web page (utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.

Scan QR code to visit page

### Cómo encontrar ayuda legal

Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span) 

Para accesar esta página escanee el código QR

Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve.



قم بالمسح الضوئي
للرمز لزيارة الصفحة

An Arabic version of this document is available on the court's website:

توجد:نسخة عربية من هذه الوثيقة على موقع المحكمة على الإنترنت

utcourts.gov/arabic

4

A Simplified Chinese version of this document is available on the court's website:

本文件的简体中文版可在法院网站上找到：

utcourts.gov/chinese



请扫描QR码访问网页

A Vietnamese version of this document is available on the court's website:

Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:

utcourts.gov/viet

Xin vui lòng quét mã QR (Trả lời nhanh)để viếng trang

Jeffrey J. Steele (10606)
Justin M. Hosman (15634)
**Steele Adams Hosman**
6713 S 1300 E
Cottonwood Heights, UT 84121
Telephone: 801-816-3999
Facsimile: 435-730-7175
jeff@sahlegal.com
justin@sahlegal.com

Adam Rose (pro hac vice to be filed)
**Law Office of Robert Starr**
23901 Calabasas Rd., #2072
Calabasas, CA 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9040
adam@starrlaw.com

*Attorneys for Plaintiff*

| IN THE FIRST DISTRICT COURT IN AND FOR BOX ELDER COUNTY, STATE OF UTAH ||
|---|---|
| LEROY MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | **COMPLAINT**<br><br>Civil No.:<br><br>Judge: |

Plaintiffs, by and through counsel, hereby allege and complain against Defendant as follows.

**JURISDICTION AND VENUE**

1

1. The acts complained of occurred in Box Elder County, Utah.

2. Plaintiff Leroy Martinez is a resident of Box Elder County, Utah.

3. Defendant Nissan North America, Inc. is a Tennessee corporation that is authorized to do business in Utah.

## GENERAL ALLEGATIONS

4. Leroy Martinez was driving his 2016 Nissan Frontier near Mantua, Utah on October 17, 2019 when the side curtain airbag spontaneously deployed.

5. Apparently, the airbag software had a defective algorithm which caused airbag deployment when there was no justifiable risk to driver safety.

6. Plaintiff spent thousands of dollars to replace the airbags, and Nissan did not reimburse for the cost of replacement.

7. The Class consists of all persons who owned or leased 2015 through 2019 Nissan and Infiniti brand vehicles ("Class Vehicles") from 2015 until the present.

8. On August 29, 2016, Plaintiff purchased a used a new 2016 Nissan Frontier, VIN # 1N6AD0EV3GN771687.

9. On October 17, 2019, Plaintiff was driving the Subject Vehicle, while driving near Mantua, Utah, the Subject Vehicle's side curtain airbag spontaneously deployed without warning or provocation.

10. Based on information and belief, a defective algorithm inside the Class Vehicles on-board computer causes the airbag to improperly deploy even though there is no justifiable risk to driver safety.

11. Plaintiff spent thousands of dollars to replace the airbags, and Nissan did not reimburse for the cost of replacement.

12. Due to defects in design, the Class Vehicles experience unnecessary and simultaneous side curtain air bag deployment and seatbelt pretensioner igniter deployment. This deployment occurs while Class Vehicles are being used in a normal, foreseeable, and safe manner, in the absence of any danger which would necessitate deployment ("SRS Defect").

13. The deployment of the side curtain air bags and the seatbelt pretensioner igniters is extremely distracting to drivers of Class Vehicles. The distraction is of such a magnitude that drivers of Class Vehicles are at risk of losing control and suffering injury to themselves or others.

14. Furthermore, once the side curtain air bags and seatbelt pretensioner igniters are deployed, it is no longer safe to operate the Class Vehicles without first having extensive repair work done. Additionally, when the side curtain air bags deploy, they emit smoke which can cause choking and irritation. The deployment of the side curtain air bags and seatbelt pretensioners causes consumers to suffer injuries.

15. Some real-world examples of how the SRS Defect has caused severe injury include the following:

   a. On January 26, 2021, a consumer in Paramus, New Jersey complained to the National Highway Traffic Safety Administration that while driving on a residential road at 5 mph in a 2018 Nissan NV 200, the passenger side airbag deployed. This complaint was assigned NHTSA case number 11394357.

   b. On March 24, 2020, a consumer in Allardt, Tennessee complained to the National Highway Traffic Safety Administration that while driving on a rural highway in a new 2019 Nissan

      Sentra, the side curtain airbags spontaneously deployed. This complaint was assigned NHTSA case number 11319129.

c. On January 9, 2021, a consumer in Baltimore, Maryland complained to the National Highway Traffic Safety Administration that while driving south on Route 83 in a 2017 Nissan Altima, the side curtain airbags deployed. This complaint was assigned NHTSA case number 11298592.

d. On September 15, 2019, a consumer in Statesboro, Georgia complained to the National Highway Traffic Safety Administration that while driving on a city street in a 2017 Nissan Rogue, the side airbags deployed. This complaint was assigned NHTSA case number 11270633.

e. On October 15, 2019, a consumer in Sperry, Oklahoma complained to the National Highway Traffic Safety Administration that while driving on a flat highway in a 2019 Nissan Rogue, the side airbags deployed. This complaint was assigned NHTSA case number 11268832.

16. These are examples of complaints made to the National Highway Traffic Safety Administration about to the SRS Defect. Indeed, consumers on internet forums have complained about the SRS Defect, and these online complaints manifest that the consumers complained to Nissan about the defect and that Nissan was aware of the SRS Defect and the safety risk it poses.

17. The existence of the SRS Defect in the Class Vehicles has resulted in a safety risk and out-of-pocket cost to consumers, but the SRS Defect also has the effect of diminishing the value of Class Vehicles—thereby depriving Plaintiff and Class Members of the benefit of the value that was paid.

4

18. Nissan knew of the SRS Defect prior to Plaintiff suffering damage from the SRS Defect and prior to consumers purchasing and leasing the Class Vehicles. Nissan failed to disclose and actively concealed the SRS Defect to consumers at the time of purchase or lease, and thereafter. Nissan continues to conceal the existence, nature, and extent of the SRS Defect to consumers, even though the SRS Defect is a very serious problem which poses a safety hazard to purchasers and lessees of the Class Vehicles, and the public.

19. Nissan is aware of the SRS Defect, but denies consumers requests for reimbursement of the expenses incurred in connection with the SRS Defect. There have been numerous consumer complaints concerning the SRS Defect, lodged both with Nissan and with the National Highway Traffic Safety Administration. Notwithstanding Nissan's knowledge of these complaints, Nissan has refused to warn consumers about the defect, has refused to remedy the SRS Defect, and has refused to compensate consumers for the damages resulting from this defect.

20. As a result of the acts of Nissan described above, Plaintiff and the class members have suffered damages. The actual damages are that: (1) Class Vehicles continue to experience side curtain air bag deployment and seatbelt pretensioner igniter deployment as a result of the SRS Defect; (2) Nissan has refused to cover the damage that has resulted from the SRS Defect under the warranty; (3) Nissan has refused to reimburse Class Members for the amount of out of pocket expenses that Class Members have paid as a result of Class Members experiencing the results of the SRS Defect; and (4) Nissan has refused to rectify the SRS Defect.

**CLASS ACTION ALLEGATIONS**

21. The class definition is the following: All persons who owned or leased 2015 through 2019 Nissan and Infiniti brand vehicles ("Class Vehicles") from 2015 until the present."

22. The class is so numerous that joinder of all members is impracticable. The size of the class is estimated in the thousands.

23. There are questions of law and fact that are common to the class, which primarily involve whether the unaddressed SRS defect violates the Utah Consumer Sales Practices Act.

24. Plaintiff's claims are typical of the claims of the class since Plaintiff experienced similar issues as the class members.

25. Plaintiff and Class Counsel will fairly and adequately protect the interests of the class, as Plaintiff understands the duties of a class representative, and Class Counsel are experienced with the procedure underpinning class actions.

26. The nature of the proposed notice to the class is by email to the consumers' last known email addresses.

27. Under Fed. R. Civ. P. 23(b)(3), questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The class members do not have an interest in individually controlling the prosecution of separate actions since joinder of all members is impracticable.

28. Also, there is not litigation already begun by class members. The desirability of concentrating the litigation in the District of Utah is based on Utah's central location and the protections afforded by the Utah Consumer Sales Practices Act. Finally, Plaintiff does not anticipate difficulties in managing a class action.

## COUNT I
**Violation of the Utah Consumer Sales Practices Act**

29. Plaintiff incorporates by reference the preceding paragraphs.

6

30.     Pursuant to Utah Code Ann. § 13-11-2, the Utah Consumer Sales Practices Act shall be construed liberally to protect consumers from suppliers who commit deceptive and unconscionable sales practices, and to encourage the development of fair consumer sales practices.

31.     Pursuant to Utah Code Ann. § 13-11-4(2), a supplier commits a deceptive act or practice if the supplier knowingly and intentionally … (b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not.

32.     Buying and leasing a vehicle is a consumer transaction pursuant to Utah Code Ann. § 13-11-3(2).

33.     Also, under Utah Code Ann. § 13-11-5(3), in determining whether an act is unconscionable, the court shall consider circumstances which the supplier knew or had reason to know. As explained above, Nissan knew or had reason to know about the SRS Defect.

34.     Pursuant to Utah Code Ann. § 13-11-19(4), a consumer who suffers loss as a result of a violation of the Utah Consumer Sales Practices Act may bring a class action for the actual damages caused by an act or practice by a rule adopted by the Utah Division of Consumer Protection.

35.     The rule that was violated was Utah Code Ann. § 13-20-3, which states: "If a new motor vehicle does not conform to all applicable express warranties, and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the term of the express warranties or during the one-year period following the date of original delivery of the motor vehicle to a consumer, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make repairs necessary to conform the vehicle to the express warranties, whether or not these repairs are made after the expiration of the warranty term or the one-year period."

36. Plaintiff reported the SRS Defect to Nissan after the airbags deployed, but Nissan did not make the repairs necessary to conform the vehicle to the express warranty.

37. The express warranty discusses the correct operation of the airbag system, and the SRS Defect is not consistent with the express warranty.

38. Finally, pursuant to Utah Code Ann. § 13-11-21(2), Plaintiff will mail a copy of this filed complaint by certified mail to the Utah Division of Consumer Protection, which has the right to choose to intervene in this case.

39. The Act also provides for actual damages, injunctive relief, and attorney fees.

## COUNT II
### Violation of the Magnuson-Moss Warranty Act

41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

42. The Class Vehicles are consumer products under 15 U.S.C. § 2301(1).

43. 15 U.S.C. § 2310(d)(1) provides a cause of action to any consumer who is damaged by the failure of a warrantor to comply with an implied warranty.

44. Nissan provided an implied warranty of merchantability in connection with the purchase of the Class Vehicles that warranted they were fit for their ordinary purpose as motor vehicles, and would pass without objection in the trade as designed, manufactured, and marketed.

45. The implied warranty of merchantability was breached based on the defective airbag that could suddenly deploy without warning or reason, leaving its occupants vulnerable to accidents, serious injury, or death.

46. Plaintiff and the Class seek the remedies of 15 USC § 2310(d)(1), which include damages and equitable relief, and 15 U.S.C. § 2310(d)(2), which include and amount equal to the aggregate

8

costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiff in connection with the commencement and prosecution of this action.

## COUNT III
### Breach of Implied Warranty (Utah Code § 70A-2-314)

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

48. Defendant impliedly warranted that the Class Vehicles were of merchantable quality and fit and safe for its ordinary, intended use.

49. As set forth above, the Class Vehicles were not merchantable or fit for their ordinary purpose based on the SRS Defect.

50. Plaintiff and the Class Members suffered incidental and consequential damages because of the breach pursuant to Utah Code § 70A-2-715.

51. Plaintiff and the Class members also seek reimbursement for the cost of financing, and owning the Subject Vehicle, repairing the Subject Vehicle and attorney's fees in an amount to be determined at trial.

## COUNT VI
### Breach of Express Warranty (Utah Code § 70A-2-313)

52. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

53. Defendant expressly warranted that the Class Vehicles were merchantable, safely designed and assembled, and fit for the purpose intended.

54. Defendant breached the express warranty since the Class Vehicles were not merchantable, safely designed, properly assembled, or fit for their intended purpose.

55. Plaintiff and the Class Members suffered incidental and consequential damages because of the breach pursuant to Utah Code § 70A-2-715.

56. Plaintiff and the Class members also seek reimbursement for the cost of financing, and owning the Subject Vehicle, repairing the Subject Vehicle and attorney's fees in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following:

a. Class certification;

b. Appointment of Plaintiff as the class representative;

c. Appointment of Plaintiff's attorneys as class counsel;

d. For an order finding in favor of Plaintiff;

e. Actual and restitution damages for Plaintiff and the Class;

f. Injunctive relief;

g. Incidental and consequential damages; and

h. Attorney fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial.

Dated this 18th day of October, 2021.

STEELE ADAMS HOSMAN

10

*/s/ Justin Hosman*
Justin M. Hosman
