THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LEROY MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [13] DEFENDANT'S MOTION TO DISMISS** <br><br> Case No. 1:21-cv-157-DBB <br><br> District Judge David Barlow |

Plaintiff Leroy Martinez brought a putative class-action lawsuit against Nissan North America, Inc. for violation of the Utah Consumer Protection Act, violation of the Magnuson-Moss Warranty Act, and breach of implied and express warranties.[1] Nissan removed the case to federal court[2] and filed a motion to dismiss all of Martinez's claims.[3] Because the complaint fails to state a claim, Nissan's motion to dismiss is GRANTED and the case is dismissed without prejudice.

## BACKGROUND

Plaintiff Leroy Martinez alleges that he "was driving his 2016 Nissan Frontier near Mantua, Utah on October 17, 2019 when the side curtain airbag spontaneously deployed."[4] He alleges that "the airbag software had a defective algorithm which caused airbag deployment when there was no justifiable risk to driver safety" and that he "spent thousands of dollars to

---

[1] *See* Complaint at 12–16, ECF No. 2-3, filed Nov. 24, 2021.
[2] *See* Notice of Removal at 1, ECF No. 2, filed Nov. 24, 2021.
[3] Motion to Dismiss at 1, ECF No. 13, filed Dec. 21, 2021.
[4] Complaint at ¶ 4.

replace the airbags," which Nissan did not reimburse.[5] Subsequently, Martinez filed a class-action lawsuit against Nissan for damages and injunctive relief.[6] Nissan now moves to dismiss the complaint.[7]

## STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[8] Each cause of action must be supported by sufficient, well-pled facts to be plausible on its face.[9] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, the court accepts all facts pleaded by the nonmoving party as true and makes all reasonable inferences from the pleadings in favor of the nonmoving party.[10] But the court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[11]

## DISCUSSION

Martinez brings four claims against Nissan: a class claim under the Utah Consumer Sales Practices Act ("UCSPA"),[12] a claim under the Magnuson-Moss Warranty Act,[13] a claim for breach of implied warranty,[14] and a claim for breach of express warranty.[15] The court first considers the UCSPA claim, followed by the claims for breach of warranties and the claim under the Magnuson-Moss Warranty Act.

---

[5] *Id.* ¶¶ 5–6.
[6] *See id.* at 7.
[7] Motion to Dismiss at 1.
[8] Fed. R. Civ. P. 12(b)(6).
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[10] *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).
[12] Complaint at ¶¶ 29–39.
[13] *Id.* ¶¶ 41–46.
[14] *Id.* ¶¶ 47–51.
[15] *Id.* ¶¶ 52–56.

### I. Martinez's UCSPA claim is dismissed without prejudice because he does not allege that Nissan violated an administrative rule or judgment.

Count I of Martinez's complaint is a class-action claim under the Utah Consumer Sales Practices Act.[16] Under the UCSPA, "[a] deceptive act or practice by a supplier in connection with a consumer transaction" is unlawful.[17] "[A] supplier commits a deceptive act or practice if the supplier knowingly or intentionally . . . indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not."[18] Additionally, a consumer may "bring a class action for the actual damages caused by an act or practice specified as violating [the UCSPA] by a rule adopted by the enforcing authority . . . or declared to violate [the UCSPA] by a final judgment of the appropriate court . . . or with respect to a supplier who agreed to it, was prohibited specifically by the terms of a consent judgment . . . ."[19]

In his complaint, Martinez alleges that the rule that Nissan violated "was Utah Code Ann. § 13-20-3, which states: 'if a new motor vehicle does not conform to all applicable express warranties, and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the term of the express warranties or during the one-year period following the date of original delivery of the motor vehicle to a customer, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make repairs necessary to conform the vehicle to the express warranties, whether or not these repairs are made after the expiration of the warranty term or the one-year period.'"[20]

---

[16] Complaint at ¶¶ 29–39.
[17] Utah Code Ann. § 13-11-4(1).
[18] *Id.* § 13-11-4(2)(b)
[19] *Id.* at § 13-11-19(4)(a).
[20] Complaint at ¶ 35 (citing Utah Code Ann. § 13-20-3).

Nissan argues that Martinez's citation to state statute does not satisfy the class-action requirement that a defendant's action "violate an existing administrative rule, court order, or consent decree."[21] In response, Martinez argues that "The Utah Division of Consumer Protection <u>does</u> enforce the New Motor Vehicle Warranties Act" (the state statute he cites in his complaint) and that "[t]he concomitant rule is Rule 152-20, which mirrors the essential components of the [statute]."[22] But Martinez does not dispute that the complaint cites no administrative rule adopted by the Utah Division of Consumer Protection, which is a prerequisite to a class action claim under the UCSPA.[23] And a state statute passed by the state legislature is not a rule adopted by the Utah Division of Consumer Protection, judgment by a court, or a consent decree. As such, the class action claim under the UCSPA is dismissed without prejudice. Given that the complaint does not state that Martinez brings any non-class claims under the UCSPA, the entire UCSPA claim is dismissed without prejudice.

## II. Martinez's implied and express warranty claims are dismissed without prejudice because he does not allege that he gave Nissan pre-suit notice of the claim.

Counts III and IV of Martinez's complaint are for breach of implied warranty and breach of express warranty.[24] A threshold issue in both claims is whether Martinez gave pre-suit notice of his breach of warranty claims to Nissan. Under Utah law, a buyer asserting a claim for breach of warranty "must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy."[25] In this case, Martinez

---

[21] Motion to Dismiss at 9–10 (citing *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1282 (D. Utah 2020)).
[22] Plaintiff Leroy Martinez's Memorandum in Response to Defendant Nissan North America, Inc.'s Motion to Dismiss ("Opposition") at 6, ECF No. 16, filed Feb. 18, 2022 (emphasis in original).
[23] *See* Utah Code Ann. § 13-11-19(4)(a).
[24] Complaint at ¶¶ 47–56.
[25] Utah Code Ann. § 70A-2-607(3)(a).

provided a copy of a letter from Nissan that is evidence of pre-suit notice.[26] But this letter is attached as an exhibit to Martinez's opposition memorandum—nowhere in the complaint does Martinez allege that he provided pre-suit notice to Nissan. Because the complaint is deficient in alleging this essential element of the warranty claims, Counts III and IV of the complaint are dismissed without prejudice.

### III. Martinez's Magnuson-Moss Warranty Act claim is dismissed without prejudice because it is predicated on his state-law claims.

Finally, Count II of Martinez's complaint is a claim under the federal Magnuson-Moss Warranty Act.[27] Under 23 U.S.C. § 2310(d)(1), a customer "who is damaged by the failure of a supplier, warrantor, or service contractor to comply with . . . a written warranty, implied warranty, or service contract" may bring suit.[28] As explained above, Martinez fails to properly allege a claim for breach of implied or express warranty. Martinez does not dispute that, to allege a Magnuson-Moss claim, he must allege a claim under state warranty law.[29] Since he has not done so, the Magnuson-Moss claim is dismissed without prejudice.

### ORDER

Because Martinez's complaint fails to state a claim, Nissan's Motion to Dismiss is GRANTED. The case is dismissed without prejudice.

Signed April 8, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[26] *See* ECF No. 16-1 at 2.
[27] Complaint at ¶¶ 41–46.
[28] 15 U.S.C. § 2310(d)(1).
[29] Opposition at 10.